IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE:

SEIZURE OF APPROXIMATELY
$785,000.00 IN U.S. CURRENCY                    Case No. 09-MC-422-SAC
AND OTHER PROPERTY

MEMORANDUM AND ORDER

This matter comes before the court on the motion of Inal A. Aaraj and DEP Lounge, Inc, d/b/a/ Prana Restaurant and Lounge ("Prana") for the return of approximately $785,000.00 in U.S. currency and other property seized on August 11, 2009. The motion is brought pursuant to Fed. R. Crim.P. 41(g). By this motion, movants do not contend that the search or seizure was illegal or that their due process rights were violated, but merely seek the return of their seized property.

**Facts**

The facts recited herein are based upon assertions made in the parties' briefs. Aaraj, a United States citizen and resident of New Jersey, is the President and sole owner of stock of Prana, a New Jersey corporation which operates a restaurant and lounge in New Jersey. On July 13, 2009, in an event separate from these proceedings, DEA agents seized $271, 320.00 from Aaraj at the New Jersey Liberty International Airport. The DEA referred that matter to the U.S. Attorney's Office for the District of New Jersey for the filing of a judicial complaint.

On August 11, 2009, Topeka, Kansas police officer Andy Beightel stopped a vehicle near Topeka, Kansas for prolonged driving in the left lane. Prana's head chef,

Jarrett Bennett of Cedar Grove, New Jersey, was driving, and Aaraj of Wayne, New Jersey, was its passenger. After speaking with Bennett, Officer Beightel allowed the two to leave without charging them.

Approximately ten minutes later, officers stopped Bennett's automobile for following too closely and ordered the two to exit it. After a police drug dog alerted to the trunk area of the vehicle, the vehicle was searched. The government contends that upon searching the trunk, officers located two air mattresses with $754,100.00 inside. Aaraj contends that the currency was found in his luggage, and that it belongs to him and to his business, Prana, and that the total amount seized was $775,000.00.

That same day, Topeka police requested the assistance of the DEA in the investigation of the seized currency. At the end of the interviews with Bennett and Aaraj, DEA agents seized the currency for federal forfeiture, and seized a Sony laptop computer, 2 blue air mattresses, 15 unknown pills in a sock, miscellaneous documents and a Tomtom GPS unit as evidence. Aaraj contends that the government seized an additional $5,000 to $10,000 in U.S. currency from his person. At the time of the seizure, the agents provided Aaraj with a receipt, but it does not reflect the amount of U.S. currency seized, instead stating only "unknown amount of United States currency." The currency is currently in the custody of the United States Marshal, and the other items are in the custody of the DEA. Aaraj claims ownership of all items seized except the pills, which he alleges are prescription painkillers belonging to Bennett. To date, no criminal charges have been brought against either Bennett or Aaraj arising out of this stop, but on September 15, 2009, the United States filed a judicial civil in rem forfeiture action in this District. *See United States v. $754,100.00 in U.S. Currency*, Case No.

09-CV-1285-JTM-KMH (2009).

Movants contend that the immediate return of the currency and other property items is required in order to continue Prana's business operations and to satisfy its obligations, and that failure to do so threatens them with irreparable harm.

**Analysis**

The motion is brought pursuant to Fed. R. Crim.P. 41(g), which provides:

> (g) **Motion to Return Property.** A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

The court finds it unnecessary to hold a hearing since the contested facts are immaterial to this motion and a hearing would not assist the court.

Whether to grant jurisdiction over a Rule 41(g) motion is governed by equitable principles. *Floyd v. United States*, 860 F.2d 999, 1003 (10th Cir.1988) (examining Rule 41(e), the predecessor to Rule 41(g).) Although this rule is included in the rules of criminal procedure, the Tenth Circuit has rejected the view that Rule 41(g) jurisdiction depends on the existence of a criminal proceeding. *See Floyd*, 860 F.2d at 1006. Instead, it has instructed that entertaining a preindictment Rule 41[(g)] motion is an exercise of equitable jurisdiction which should be undertaken with "caution and restraint." *Id.*, 860 F.2d at 1003.

The Tenth Circuit instructs that a Rule 41(g) motion should be dismissed if the claimant has an adequate remedy at law or cannot show irreparable injury.

> We have stated two conditions that must be satisfied before a district court may

>assume jurisdiction over a preindictment Rule 41(e) motion: a movant must demonstrate that being deprived of actual possession of the seized property causes "irreparable injury," and must be otherwise without adequate remedy at law. *Id.*

*Matter of Search of Kitty's East*, 905 F.2d 1367, 1370 -1371 (10th Cir.1990) quoting *Floyd*, 860 F.2d at 1006; *See Frazee v. I.R.S.,* 947 F.2d 448, 449 (10th Cir.1991).

Because the United States has timely commenced a judicial civil in rem forfeiture action in this district, the movants have an adequate remedy at law. The Tenth Circuit has not examined a situation such as this one, in which a motion for return of property is swiftly followed by the government's filing of a civil forfeiture action. It has, however, examined a similar situation in which a motion for return of property was promptly followed by the filing of an administrative forfeiture proceeding. In *Floyd,* the Tenth Circuit held:

>that the existence of an administrative forfeiture proceeding will affect a trial court's discretion to grant or retain Rule 41(e) equitable jurisdiction. When, as in *Harper*, the administrative forfeiture is promptly commenced, the trial judge may in his discretion dismiss a Rule 41(e) petition in favor of the administrative scheme. In the instant case, however, the trial court did not abuse that discretion by ruling on the Rule 41(e) motion when the administrative forfeiture was instituted after the Rule 41(e) hearing.

*Floyd*, 860 F.2d at 1008. Other Circuits have held that a pending administrative or civil forfeiture proceeding affords an adequate remedy at law and justifies dismissal of the Rule 41(g) motion. *See e.g., In Re One 1987 Jeep Wrangler Automobile,* 972 F.2d 472, 479 (2d. Cir.1992); *United States v. Castro*, 883 F.2d 1018, 1019 (11th Cir.1989) (per curiam) (government's filing of civil forfeiture action required dismissal of owner's Rule 41(e) motion); *Shaw v. United States,* 891 F.2d 602, 603 (6th Cir.1989); *United States v. United States Currency*, 851 F.2d 1231 (9th Cir.1988).

> "After the government initiates forfeiture proceedings and notifies a claimant of the proceedings, a claimant may no longer use Rule 41(e), but instead must submit to the statutory procedures governing civil forfeiture proceedings."

*United States v. One 1974 Learjet 24D*, 191 F.3d 668, 673 (6th Cir.1999) (citing *Shaw v. United States*, 891 F.2d 602, 603-04 (6th Cir.1989)). Here, where the currency is being held for the purpose of forfeiture rather than for evidence, an independent action for return of property is improper, and the proper procedure is to test the legality of the seizure in the forfeiture proceeding.

The motion for return of property was filed on September 8, 2009, at which time federal agents had been in possession of the subject property for less than one month. The government filed the civil forfeiture action involving the same property on September 15, 2009, one week after the motion for return of property was filed, and likely triggered by it. Under these circumstances, the court has no hesitancy in finding that the movants have an adequate remedy at law as provided in the civil forfeiture proceedings. The court finds it unnecessary to address the issue of irreparable harm.

IT IS THEREFORE ORDERED that the motion for return of property (Dk. 1) is denied as moot.

Dated this 23rd day of September, 2009.

                                           s/ Sam A. Crow
                                           Sam A. Crow, U.S. District Senior Judge